Filing # 118667055 E-Filed 12/23/2020 10:08:27 AM

IN THE CIRCUIT COURT OF THE SIXTH CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

CASE NO:  2019CA003688CAAXWS

SUSAN BLOCK,

       Plaintiff,

v.

CAPITAL ONE, N.A.,

       Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF SAID STATE:

    YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

**Capital One Services, LLC**
**C/O CORPORATION SERVICE COMPANY, Registered Agent**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301-2525**

    Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney, whose name and address are as follows:

Brendan R. Riley, Esquire
Stewart & Riley
5435 Main Street
New Port Richey, Florida 34652

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

1

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the party serving this summons at:

> Brendan R. Riley, Esquire
> Stewart & Riley
> 5435 Main Street
> New Port Richey, Florida 34652

Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's Office. You may review these documents upon request.

You must keep the Clerk of the Circuit Court's office notified of your current address.

IMPORTANTE

Usted ha sido demandado legalmente. Tiene viente (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: _____ Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, or privado de sus derechos sin previo aviso del tribunal. Existen otros requisitors legales. Si lo desea, puede usted consultar a un abrogado immediatamente. Si no conoce a un abrogado, puede llamar a una de la oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por sue cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si used elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:

Nombre y direccion de la parte que entrega la orden de comparencencia:

Brendan R. Riley, Esq.

Copias de todos los documentos judiciales de este case, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a u solicitud.

Usted debe de manener informada a la oficina del Secretario de Juzgado del Corcuito de su direccion actual.

IMPORTANT

Des poursuites judiciaires ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: [L'Adresse] _____.

2

Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le dalai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir reuerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

     Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalemente, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photicopie de votre reponse ecrite a la partie qui vous depose cette citation.  Nom et adresse de la partie qui depose cette citation:

_____
_____
_____
_____

     Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau de greffier.  Vous pouvez revue ces documents, sur demande.
     Il faut aviser le greffier de votre adresse actuelle.

                                      Brendan R. Riley, Esq.
                                      Stewart & Riley

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named defendant.

                              December 29, 2020
     Dated this _____ day of _____ 2020.

                                                        CLERK OF THE CIRCUIT COURT

(SEAL)

Nikki Alvarez-Sowles
Pasco County Clerk & Comptroller
2019CA003688CAAWS 12-29-2020 03:12 PM
Deputy Clerk: Ashley Marie Hill

3

Filing # 118666620 E-Filed 12/23/2020 10:04:12 AM

IN THE CIRCUIT COURT OF THE SIXTH CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION
CASE NO: 2019 CA 3688

SUSAN BLOCK,

        Plaintiff,

v.

CAPITAL ONE, N.A.,
        Defendant.
_____/

## AMENDED COMPLAINT

**(Jury Trial Demanded)**

COMES NOW Plaintiff SUSAN BLOCK and those similarly situated, by and through the undersigned attorney, files this complaint for violation of the Telephone Consumer Protection Act (TCPA) (47 U.S.C. § 227) and related code sections, and as grounds therefore would show:

### JURISDICTION

1. This is an action for damages greater than $30,000.00

2. Plaintiff resides in Pasco County, Florida.

3. Defendant is a National Association with corporate headquarters located at 1680 Capital One Drive, McLean, Virginia 22102-349, and subject to jurisdiction in Florida through Florida State Statute section 48.193(1)(a)(1).

4. Jurisdiction is proper in Florida, as Plaintiff resides in Florida, and the cause of action accrued here.

5. Venue is proper in Pasco County, as the cause of action accrued here.

### PLAINTIFF'S FACUTAL BACKGROUND

6. In September of 2018, Plaintiff attempted to make a purchase from a department store located in another state (Menards), using a charge card with a Capital One imprimatur. For reasons unrelated to this lawsuit, the purchase could not be completed, and Plaintiff requested the store reverse the charges. The store referred Plaintiff to Capital One ("Defendant") in May of 2019.

7. On May 10, 2019, Plaintiff spoke to an account representative at Capital One and requested that (1) her account be placed into dispute and (2) clarified that they were not permitted to call her cell phone. Instead, beginning on that date, Plaintiff began receiving automatic phone

calls ("robocalls") to Plaintiff's cell phone number from Capital One - three, four times and more per day.

8. When Plaintiff attempted to answer any of the calls, there was a pause and then an automated voice would begin speaking.

9. Not only was Defendant expressly directed not to call Plaintiff's cell phone, Defendant did not and does not have prior express consent of Plaintiff to call her cell phone with an auto-dialers by "robocalls".

10. On September 5, 2019, a letter arrived from Defendant, stating that the amount in question had been placed in dispute and was being investigated; however, the robocalls did not stop.

11. On September 26, 2019, Plaintiff requested while communicating with Defendant's employee "Trish, employee # HGZ325" at about 1:03 PM that Defendant was not to call Plaintiff's cell phone, to stop calling. Defendant continued calling.

12. On October 17, 2019, Plaintiff spoke to an individual named "Jordan" and requested, again, that the calls stop, and there was a brief cessation in the calls; however, Defendant began again within a week. This lawsuit followed.

**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

13. Plaintiff incorporates paragraphs 1 through 10 above as if fully referenced herein.

14. The Telephone Consumer Protection Act of 1991 (TCPA) was enacted to place restrictions on the nature and number of automatic calls, texts, faxes and other messages sent to cell phones by telemarketers and other companies. Amendments added to the TCPA since 1991 have made any calls to cell phones using artificial or pre-recorded voices, or using an automated dialing system, without the recipient's consent, illegal.

15. Amendments have also narrowed the "prior business relationship" loophole to limit such contact to receipt of unsolicited advertising.

16. The TCPA (47 U.S.C. 227(b)(3) allows a private right of action for any individual injured by such violation with statutory damages of $500.00 per call and treble damages (up to $1,500.00 per call) if such action is shown to be willful and knowing.

17. Plaintiff received not fewer than 150 phone calls from Capital One robocalls between July 17, 2019 and November 1, 2019; that is not including the calls that began May 10,

2019 when she first contacted Defendant, but had not yet begun keeping track of the calls; nor does it include any calls which she may not have saved into her phone.

18. Defendant was aware of the situation by at least September 5, 2019, as shown by the letter; yet the calls persisted; Plaintiff spoke to a representative on September 26, 2019, and requested the calls stop, yet the calls persisted through November of 2019, often multiple times per day. This was willful and deliberate.

19. Plaintiff initially only requested that a $1200.00 charge be removed from her account; now Defendant is potentially looking at significant damages from automatic calls to Plaintiff's phone and (potentially) those similarly situated.

20. Plaintiff is entitled to statutory damages for each call made by Defendant in violation of TCPA beginning on or about May 10, 2019.

WHEREFORE, Plaintiff requests the court:

a. Enjoin Defendant to cease and desist all phone calls to her cell phone and those similarly situated;
b. Order Defendant to pay Plaintiff statutory damages as enumerated in 47 U.S.C. 227(b)(3)(B):
    a. Minimum of $500 per call from May 10, 2019 to November 1, 2019 in statutory damages;
    b. with treble damages if the repeated calls were found to be willful and knowledgeable;
c. Attorney fees and costs as provided by applicable federal and state law.
d. Any additional relief as the court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues to triable.

Respectfully Submitted,

/ S / Brendan R. Riley
BRENDAN R. RILEY, ESQ.
FBN: 87954
5435 Main Street
New Port Richey, FL 34652
TEL: (727) 312-3748
BRR@BetterCallBrendan.com